**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARMANDO TOLENTINO-POCHOTITLAN,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | Nos. 18-72252<br> 19-72740<br><br>Agency No. A205-259-705<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Armando Tolentino-Pochotitlan, a Mexican citizen, petitions for review of

two decisions by the Board of Immigration Appeals ("BIA"): one, affirming an

Immigration Judges's ("IJ") decision denying him withholding of removal and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"), and the other denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252.

Reviewing the denial of withholding of removal and CAT relief for substantial evidence, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019), and the denial of the motion to reopen for abuse of discretion, *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020), we deny the petition in part and dismiss in part.

I

Substantial evidence supports the BIA's decision affirming the denial of withholding of removal. An applicant seeking withholding of removal must show that his "life or freedom would be threatened" in the proposed country of removal on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). "[The] applicant must show a 'clear probability' of future persecution," *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citation omitted), and the stated protected ground must be "a reason" for persecuting the applicant, *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017).

Substantial evidence supports the BIA's conclusion that Tolentino-Pochotitlan has not shown that he suffered past persecution. Tolentino-

Pochotitlan's proffered evidence as to the past persecution he suffered involved one episode that was not "so menacing as to cause significant actual suffering or harm," *Duran-Rodriguez*, 918 F.3d at 1028 (citation omitted), and another that did not involve a credible threat of violence, *cf. Ayala v. Sessions*, 855 F.3d 1012, 1021 (9th Cir. 2017) (extortion combined with the threat of violence on the basis of a protected characteristic can constitute persecution). Substantial evidence supports the BIA's conclusion, and Tolentino-Pochotitlan has not demonstrated that the harm to his sisters "create[s] a pattern of persecution closely tied to [himself]." *See Korablina v. INS*, 158 F.3d 1038, 1043–44 (9th Cir. 1998) (citation omitted).

Substantial evidence also supports the conclusion that there is no "clear probability" that Tolentino-Pochotitlan will be persecuted in Mexico. There is no evidence that any of the individuals who mistreated him would likely do so again, nor does the record compel the conclusion that he would likely be persecuted for being a member of an indigenous group or for having a disabled child.

We reject Tolentino-Pochotitlan's remaining arguments because "[i]n reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citation omitted). The BIA cited and applied the proper standard for withholding of removal, and it expressly declined to reach the relocation issue; therefore,

Tolentino-Pochotitlan's objections to the IJ's treatment of these issues are outside the scope of our review.

## II

Substantial evidence supports the BIA's decision affirming the denial of CAT relief. To be eligible for CAT relief, a petitioner must prove that it is more likely than not he will be tortured if returned to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); *see also Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019). Substantial evidence supports the BIA's conclusion that Tolentino-Pochotitlan does not face any particularized threat of torture in Mexico. Because this finding supports the denial of Tolentino-Pochotitlan's CAT claim, we do not reach the BIA's finding on government acquiescence.

Additionally, remand is not necessary because there is no indication that either the BIA or the IJ failed to consider any particular piece of evidence. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (concluding that the IJ did not err in rejecting a CAT claim without "discuss[ing] every piece of evidence" where the IJ made a "general statement that he considered all the evidence before him"). Nor did the BIA engage in impermissible factfinding.

## III

The BIA did not abuse its discretion in denying the motion to reopen because Tolentino-Pochotitlan failed to show a prima facie case of eligibility for the underlying relief sought. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). It is not likely that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is applicable to his proceedings, and even if it is, *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), forecloses his argument that the failure to include particular information in a charging document deprives the immigration court of jurisdiction.

To the extent Tolentino-Pochotitlan challenges the denial of his motion to reopen on the basis of his 2012 expedited removal order, we lack jurisdiction to consider challenges to removal orders underlying a reinstated removal order. *See Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136–37 (9th Cir. 2008).

**PETITION DENIED IN PART, DISMISSED IN PART.**